UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 2:13-cv-0039-FDW-DSC

| | |
|---|---|
| BRADLEY L. BROCK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN COLVIN, )<br>Commissioner of Social Security )<br>)<br>Defendants. )<br>)<br>) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's "Objections to the Report and Recommendations of the United States Magistrate Judge" (Doc. No. 18), Defendant's "Response to Plaintiff's Objections" (Doc. No. 19), Plaintiff's "Motion for Summary Judgment" (Doc. No. 12), Defendant's "Motion for Summary Judgment" (Doc. No. 15) and "Memorandum of Law in Support of Defendant's Motion for Summary Judgment" (Doc. No. 16), and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 17). This matter is now ripe for review.

For the reasons that follow, the Court ACCEPTS and ADOPTS the M&R (Doc. No. 17). Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

## I. BACKGROUND

Plaintiff does not lodge any specific objections to the procedural history section contained in the M&R. Likewise, Plaintiff does not specifically object to the ALJ findings of fact regarding Plaintiff's medical history. Therefore, the portion of the M&R entitled

1

"Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein.

On December 6, 2010, Plaintiff filed an application for a period of disability and Supplemental Security Income ("SSI"), alleging that he was unable to work after July 10, 2007. (Tr. 63-69, 111, 540-48).

Plaintiff's application was denied initially and upon reconsideration. (Tr. 549-603). Plaintiff subsequently requested a hearing which was held on March 23, 2012. (Tr. 606-48).

On July 26, 2012, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 22-31).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 24). The ALJ also found that Plaintiff suffered from degenerative disc disease, obesity, a learning disorder, and borderline intellectual functioning, which were severe impairments within the meaning of the regulations, id., but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Id.

The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC") to perform:

> a range of light work as defined in 20 CFR § 404.1567(b) and 416.967(b); pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). lift/carry push/pull twenty pounds occasionally, ten pounds frequently; sit/stand/walk about six hours of an eight hour workday; occasionally climb ladders, ropes, scaffolds, stoop and crawl; frequently climb ramps, stairs, kneel and crouch; should avoid concentrated exposure to hazards; do simple, routine, repetitive tasks at one-two step instructions for two-hour periods in an eight hour day; interact occasionally with the public, at non-production quota work; interact appropriately with coworkers and supervisors in a low social demand stable routine setting.

(Tr. 22). The ALJ further found that Plaintiff could not perform his past relevant work. (Tr. 29-30).

The ALJ then shifted the burden to the Secretary to show the existence of other jobs in

the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") identified jobs (handpackager, cleaner and assembler) that Plaintiff could perform. The V.E. also testified that there were more than 54,000 of those jobs available regionally. (Tr. 644).

The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that he was not disabled during the relevant period. (Tr. 31).

The Appeals Council denied Plaintiff's Request for Review. (Tr. 6).

After the Appeals Council denied Plaintiff's request for further administrative review, Plaintiff filed this present action. The parties submitted cross dispositive Motions for Summary Judgment. Magistrate Judge David Cayer presented the aforementioned M&R, which held that the ALJ correctly found that Plaintiff was not disabled, as substantial evidence existed to make that ultimate determination.

Plaintiff timely filed an objection to the M&R on twelve grounds.

## II. STANDARD OF REVIEW

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g) (2006); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Rhyne v. Astrue, 3:09-cv-412-FDW-DSC, 2011 WL 1239800 at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it

the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456; see also Rhyne, 2011 WL 1239800 at *2.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); Rhyne, 2011 WL 1239800 at *2. Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

In this case, the M&R recommended that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's determination be affirmed. The M&R found that there was "substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled." (Doc. 17 at 14-15).

The Federal Magistrate Act states that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Objections to an M&R must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b). Furthermore, "a general objection to a magistrate judge's

findings is not sufficient – 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.'" United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (quoting United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007)). General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. See Jackson v. Astrue, No. 1:09–cv–467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich.2004). "Examining new arguments already assessed in the M&R would waste judicial resources; parties must explain *why* the M&R is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong." Hendrix v. Colvin, No. 5:12-cv-01353, 2013 WL 2407126 at *12 (D.S.C. June 3, 2013). General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in the waiver of appellate review." Thompson v. Covenant Transp., Inc., 1:07-CV-275, 2008 WL 4372789 at *6 (W.D.N.C. Sept. 22, 2008). "In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Finally, upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200.

### III. ANALYSIS

In Plaintiff's brief to this Court, Plaintiff objects to the M&R on twelve grounds. The twelve objections are: (1) the M&R applies an incorrect harmless error standard; (2) the M&R erroneously affirms ALJ's step three evaluation; (3) the ALJ improperly weighed and articulated

his findings at step three; (4) the rejection of Plaintiff's IQ scores; (5) improper review of the *Gross* standard; (6) improper review of test instruments; (7) failure to consider Dr. Silver's opinion; (8) failure to consider Dr. Franklin's opinion; (9) failure to consider the Medicaid decision; (10) improper consideration of exaggeration evidence; (11) misapprehension of the quantitative requirements for public interaction in work settings; and (12) improper dismissal of argument on reading level 2 and limitation to simple tasks. (Doc. No. 18).

Plaintiff's first assertion is that the M&R applied the incorrect legal standard for harmless error. Upon careful review of the record, this Court determines that Plaintiff's first objection is without merit. In review, Plaintiff's argument does not adequately reflect the M&R's application of harmless error. The M&R reviewed the assertions or error regarding Plaintiff's IQ scores, applied the correct legal standard, and found substantial evidence to support the ALJ's decision. Doc. No. 17 at 6-7. Because the M&R did not find error, a harmless error analysis is not applicable. See Morgan v. Barnhart, 142 Fed.Appx. 716, 722–23 (4th Cir.2005) (unpublished); Bishop v. Barnhart, 78 Fed.Appx. 265, 268 (4th Cir.2003) (unpublished); see also United States v. Johnson, 935 F.2d 1288 (4th Cir. 1991) ("There is no necessity to review this episode on a harmless error basis because there was no error"). Thus, this Court finds that the M&R applied the correct legal standard. This objection is OVERRULED.

Upon careful review of the record, this Court determines that Plaintiff's objections, two through twelve, to the M&R are the same general arguments that the Plaintiff made to the court in his Memorandum of Law in Support of Motion for Summary Judgment. Compare Doc. No. 12 Att. 1 at 6-25 with Doc. No. 18 at 2-14. These general objections do not alert this Court to any specific error within the M&R. Plaintiff has failed to explain why the M&R is erroneous. Rehashing the same arguments already thoroughly analyzed in the M&R is precisely the waste of

resources that courts seek to eliminate. United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (quoting United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007)). Since Plaintiff merely restates the same arguments already addressed in the M&R, this Court reviews the M&R for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). After careful review of the M&R, this Court finds no clear error and accepts the M&R's recommendation that the Commissioner's findings were supported by substantial evidence and that Plaintiff is not disabled.

Presuming without deciding Plaintiff is entitled to de novo review, the court would reach the same conclusion as the M&R. An ALJ need only "'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions." Jackson v. Astrue, No. 8:08-2855 2010 U.S. Dist. LEXIS 10308 at *26 (D.S.C. Jan. 19, 2010). Here, the ALJ satisfied this requirement by applying the correct legal standards and stating that he carefully considered all of the evidence presented in the record thus concluding that Plaintiff was not disabled.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's objections are OVERRULED. The Court hereby ADOPTS the Memorandum and Recommendation of the Magistrate Judge. (Doc. No. 17). Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED; Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Signed: October 20, 2014

Frank D. Whitney
Chief United States District Judge